IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROKU, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1035 (MN) |
| | ) |
| ALMONDNET, INC. and INTENT IQ, LLC, | ) |
| | ) |
| Defendants. | ) |

### ORDER

At Wilmington this 10th day of May 2022:

WHEREAS, on July 15, 2021, Plaintiff initiated this action against Defendants AlmondNet, Inc., and Intent IQ, LLC ("Defendants"), seeking a declaratory judgment of noninfringement of any valid and enforceable claim of U.S. Patent Nos. 8,677,398 ("the '398 Patent"), 10,715,878 ("the '878 Patent"), 7,822,639 ("the '639 Patent"), 8,244,586 ("the '586 Patent"), 10,026,100 ("the '100 Patent"), 10,628,857 ("the '857 Patent"), 8,566,164 ("the '164 Patent"), 8,595,069 ("the '069 Patent"), or 10,321,198 ("the '198 Patent") (collectively, "the Asserted Patents") (*see generally* D.I. 1);

WHEREAS, in response, on August 27, 2021, Defendants filed an answer and counterclaim of infringement of all claims of the Asserted Patents (D.I. 12);

WHEREAS, on October 1, 2021, Plaintiff moved to dismiss Defendants' infringement counterclaims on the '398, '878, '164, '069, and '198 Patents (collectively, "the Targeted Advertising Patents") arguing that the claims of the Targeted Advertising Patents are directed to ineligible subject matter under 35 U.S.C. § 101 (D.I. 24; 25);

WHEREAS, Plaintiff's motion does not precisely specify which claims' eligibility it is challenging (*see* D.I. 24), but in any event details challenges to more than sixty claims' eligibility (*see* D.I. 25, 31) without any agreement about representativeness (s*ee* D.I. 25 at 12–13, 18–20; D.I. 29 at 11–12);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to the Plaintiff's § 101 motion will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of over sixty claims of the Targeted Advertising Patents at the motion to dismiss stage, particularly where the parties dispute whether those claims are representative;

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to dismiss is DENIED without prejudice to renew at summary judgment with respect to the § 101 issues.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge