IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROKU, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-1035 (MN) ) CONSOLIDATED |
| ALMONDNET, INC. and INTENT IQ, LLC, | ) ) ) |
| Defendants. | ) |

## ROKU'S LETTER TO JUDGE NOREIKA
## REGARDING NARROWING CLAIMS AND PRIOR ART

OF COUNSEL:

Wasif H. Qureshi
Leisa Talbert Peschel
Victoria C. Emery
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX  77010
(713) 752-4200

Blake T. Dietrich
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX  75201
(214) 953-6000

April 12, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mflynn@morrisnichols.com

*Attorneys for Plaintiff Roku, Inc.*

Dear Judge Noreika:

Pursuant to the Court's March 28, 2023 instruction, Roku hereby provides its positions on narrowing this case, which consequently would significantly reduce the number of claim construction disputes. We believe the primary issue for the Court is to resolve treatment of (i) Roku's "DJ-only claims" discussed below and (ii) claims AlmondNet has recently withdrawn, totaling 167 claims.[1] As to the Roku DJ-only claims, AlmondNet conditionally does not oppose Roku seeking leave to file an early motion for summary judgment of no infringement of the Roku DJ-only claims, which would remove 129 claims from this case and moot the claim construction issues set forth in the Exhibit 2 table of the JCCC (D.I. 125-2). AlmondNet's condition is that the Court first find that DJ jurisdiction exists for the Roku DJ-only claims. As explained in Section I below, Roku strongly believes DJ jurisdiction exists. Indeed, *AlmondNet has never filed a motion to dismiss Roku's DJ allegations for lack of jurisdiction*.

In general, after nearly two years of litigation and significant expense incurred by Roku, it is imperative to Roku that any claims for which AlmondNet has not provided, or has withdrawn, infringement contentions be adjudged or dismissed **with prejudice**. This need is particularly relevant here based on AlmondNet's history of "dropping" claims in one case only to later file a subsequent patent suit on the same patents and claims against the same party as before. Indeed, in apparent attempt to avoid forever litigation (or the threat thereof), AlmondNet has recently in other cases agreed to drop patents and infringement allegations with prejudice.

**I. Roku's DJ-Only Claims**

This case was filed by Roku for a declaratory judgment of non-infringement after Roku, among other bases for apprehension of suit, received claim charts from AlmondNet alleging infringement of nine patents. (D.I. 1 at ¶¶ 38-44 ("Presence Of An Actual Controversy and Apprehension of Suit")). Roku specifically identified those charted patents and claims in its DJ Complaint. (*Id.*) Moreover, AlmondNet's CEO Roy Shkedi filed a declaration in this case detailing AlmondNet's efforts to enforce its patents against Roku on the patent claims later identified in Roku's DJ complaint. (D.I. 16, ¶¶ 3-7 ("████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████") (emphasis added). Roku was able to file its DJ suit before AlmondNet filed its case in Texas, and AlmondNet since has not filed any motion to challenge DJ jurisdiction in this case.[2]

---

[1] There were 217 claims-at-issue, including both claims identified in Roku's DJ complaint (D.I. 1) and claims asserted by AlmondNet. Now, there are (i) 50 claims asserted by AlmondNet, (ii) 129 "Roku DJ-only claims" identified in Roku's DJ complaint without any infringement contentions from AlmondNet, and (iii) 38 claims previously asserted, but recently withdrawn, by AlmondNet. Roku has live claims or counterclaims of non-infringement or invalidity on all 167 patent claims in (ii) and (iii), and thus Roku believes that those claims must be dismissed with prejudice or otherwise Roku must maintain its claims or counterclaims on those.

[2] Any challenge would have been futile. *See, e.g.*, *UCP Intl. Co. Ltd. v. Balsam Brands Inc.*, 787

The Honorable Maryellen Noreika                                                              Page 2
April 12, 2023

      While Roku presented factual support for its non-infringement positions in both its DJ complaint[3] and discovery responses, there are now 129 patent claims identified in Roku's DJ complaint for which AlmondNet has not provided any infringement contentions at all in this case or has very recently withdrawn its infringement contentions.[4] We refer to the combination of those claims as the "Roku DJ-only claims."

      For many weeks, including after fact discovery closed on March 16 and AlmondNet served final infringement contentions on March 29, Roku has repeatedly requested and conferred with AlmondNet seeking agreement to have the Roku DJ-only claims withdrawn ***with prejudice***, including by, for example, a covenant not-to-sue or other stipulation. AlmondNet has refused.[5]

      Again, AlmondNet has no pending infringement contentions on the Roku DJ-only claims. But in view of AlmondNet's pre-suit allegations and claim charts against Roku and its history of serial litigation, Roku reasonably remains under apprehension that AlmondNet could re-assert those claims against Roku absent a judgment of no infringement and/or dismissal with prejudice. Roku thus respectfully requests that Court grant it leave to file its early MSJ of no infringement, which stands to significantly narrow the case (and claim construction issues) with finality.

**II.  AlmondNet's Dropped Patent Claims Should Be Withdrawn With Prejudice**

      Similarly, Roku believes that AlmondNet's infringement allegations on the 38 patent claims AlmondNet has recently withdrawn (and which were not identified in Roku's DJ complaint) should also be dismissed ***with prejudice***. After nearly two years of litigation, extensive discovery of Roku, its witnesses, and source code, and significant expense by Roku in defending against AlmondNet's infringement allegations on its recently withdrawn patent claims, those withdrawn claims should be dismissed with prejudice. Otherwise, there stands to be no end to AlmondNet's campaign and its burden on court and party resources. Moreover, and significantly, ***Roku has pled claims/counterclaims of non-infringement or invalidity on these claims*** and has served live non-

---

Fed. Appx. 691, 699 (Fed. Cir. 2019) (finding jurisdiction existed where the declaratory judgment plaintiff's products were identified in claim charts sent by declaratory judgment defendant to customer of plaintiff).

[3] AlmondNet, in its answer, denied Roku's DJ allegations as to non-infringement.

[4] A week ago, there were 66 Roku DJ-only claims. But AlmondNet over the past week has withdrawn its infringement contentions on a number of patent claims it alleged Roku infringed in AlmondNet's pre-suit claim charts (and identified in Roku's DJ complaint). Hence, the current number of Roku DJ-only claims has risen to 129.

[5] AlmondNet has told Roku that there is no longer any case-and-controversy as to the Roku DJ only claims, but its refusal to grant a covenant or dismiss with prejudice speaks volumes otherwise. *See Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1358 (Fed. Cir. 2013) ("Honeywell has declined to grant Arkema a covenant not to sue on the [] patents, which further suggests that there is an active and substantial controversy between the parties regarding their legal rights with respect to those patents."); *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011) (concluding that, under the circumstances, the patentee's refusal to grant a covenant not to sue provided "a level of additional support for our finding that an actual controversy exists"); *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1381 (Fed. Cir. 2012).

infringement and invalidity contentions on them – thus, AlmondNet should not be allowed to dismiss those claims without prejudice over Roku's claims for judgments of non-infringement and invalidity. As mentioned, AlmondNet has a history of "dropping" patents only to re-file more suits against the same parties re-asserting the same patents against the same products.

Roku's request is reasonable. Indeed, AlmondNet very recently agreed to withdraw such infringement allegations in other cases with prejudice and without conditions. *See, e.g.*, *AlmondNet v. Microsoft*, WDTX Case 6:21-897-ADA, Dkt. 66 at 2 n. 1 ("The parties stipulate that AlmondNet's withdrawal of the other patents asserted in AlmondNet I and AlmondNet II pursuant to this agreement will operate as a withdrawal of those infringement allegations **with prejudice** to AlmondNet reasserting those patents against Microsoft or Xandr in AlmondNet I, AlmondNet II, or future litigation.") (emphasis added); *see also AlmondNet, Inc. et al v. Meta Platforms, Inc.*, NDCAL Case 4:23-438-JST, Dkt. 55 at 2 ("[I]n an effort to streamline and narrow the above captioned actions, and to resolve Meta's pending Motion to Dismiss in *AlmondNet II* (Dkt. 38), the parties have jointly agreed to dismiss **with prejudice** AlmondNet's claims on six of the patents currently asserted across the two cases").

Under similar circumstances, courts in this district have required that claims and patents be dismissed with prejudice. *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, No. 15-152-RGA, D.I. 561 at 2-4 (D. Del. July 9, 2019) (ordering withdrawal of dropped claims with prejudice in part because "Plaintiffs' position would allow patent holders, in many cases, to threaten essentially endless litigation"); *Bial-Portela & Ca. S.A. v. Alkem Labs. Ltd.*, No. 18-304-CFC, 2022 WL 13944612, at *2 (D. Del. Oct. 24, 2022) ("If I were to dismiss Bial's withdrawn claims as moot and without prejudice, then Bial (and any future plaintiff) would receive a green light to engage in essentially endless litigation and this Court, with its overwhelming docket of patent cases, would grind to a halt.") (cleaned up); *Bioverativ Inc. v. CSL Behring LLC*, C.A. No. 17-914-RGA, 2021 WL 3471688, at *2-4 (D. Del. Aug. 6, 2021) ("Such circumstances warrant a dismissal with prejudice. This case had been pending for two and a half years[.]"); *Shure Inc. v. ClearOne, Inc.*, No. 19-1343-RGA, 2022 WL 1718950, at *1 (D. Del. May 27, 2022) ("Allowing Shure to file a new lawsuit tomorrow asserting these very claims would lead to excessive, duplicative expenses.").

### III. AlmondNet Should Narrow Its Infringement Case To No More Than 30 Claims

Roku proposes that AlmondNet be required to narrow its 50 currently asserted claims to no more than 30 claims from the 8 patents it is currently asserting against Roku. Roku believes this is reasonable in view of, for example, Your Honor's ruling requiring pre-claim construction narrowing to 32 asserted claims in the 12-patent *Sisvel v. Cradlepoint* case (Nos. 19-1142, et al., 8/27/20 Tr.). Roku's proposal for 30 asserted claims from the 8 patents AlmondNet now asserts is reasonably proportional to the pre-construction narrowing ordered in the *Sisvel* case.

In exchange, Roku has offered to narrow to no more than 15 invalidity references per patent (including 4 patents identified in Roku's DJ complaint that AlmondNet no longer asserts) and no more than 80 total references.[6] Roku believes 80 total references across 12 patents is reasonable at this stage of the case.

---

[6] These limits include the Roku DJ-only claims for which Roku has invalidity counterclaims. As discussed above, Roku requests these claims be adjudged/dismissed with prejudice.

The Honorable Maryellen Noreika                                                                                                     Page 4
April 12, 2023

Respectfully,

*/s/ Michael Flynn*

Michael Flynn (# 5333)

cc:    Clerk of Court (Via Hand Delivery; w/ encl.)
       All Counsel of Record (Via Electronic Mail; w/ encl.)